

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 20, 1969.

Hon. David P. Bell
Executive Director
Texas Industrial Accident
   Board
State Insurance Building
Austin, Texas  78701

Dear Mr. Bell:

Opinion No. M-398

Re:  Whether the Industrial
     Accident Board is auth-
     orized to award attorney
     fees or expenses in
     certain given fact
     situations.

In your opinion request to this office you set forth two fact situations and questions as follows:

"In Board File H-58933, a copy of which is attached, the insurance carrier filed an admission of lia- bility and tendered payment of death benefits prior to the final award of the Board. The Board in its final award awarded attorney's fees in the amount of $250 to the attorney for the widow and guardian of the named minors. Was the award of attorney's fees proper under the aforesaid Sections 7c and 7d?

"In Board File H-14293, a copy of which is attached, the insurance carrier and the surviving beneficiaries entered into a lump sum settlement agreement before a final award of the Board was entered. Viewing the lump sum settlement agreement as an admission of lia- bility and tender by the carrier, no attorney's fees were allowed in the final award of the Board. Was this action proper under the aforesaid Sections 7c and 7d, Article 8306?"

We are further advised that both of these situations involve (1) death claims; (2) an admission of liability by the insurance carrier; (3) the insurance carrier tendered payment of maximum benefits; and, (4) the claim was still pending before the Industrial Accident Board.

Article 8306, Section 7d, Vernon's Civil Statutes, pro- vides, in part, as follows:

"Provided, however, that in all cases invol- ving fatal injuries where the Association admits

- 1976 -

liability on all issues involved and tenders
payment of maximum benefits in writing under
this Act while the death benefits claim of such
beneficiaries is pending before the Board, then
no attorney fee shall be allowed."

By this provision the Legislature of this State has
clearly and unambiguously provided that no attorney fee
shall be allowed by the Board in any case:

1. Involving fatal injuries;

2. When the Association admits liability on all
   issues involved;

3. When the Association tenders payments of maxi-
   mum benefits in writing; and

4. When such action is taken while the death benefit
   claim of such beneficiaries is pending before
   the Board.

Both of the fact situations which you present in your
opinion request fall squarely under the provisions of Section
7d aforesaid. It is the opinion of this office that no
attorney fee may be allowed by the Board in either of your
fact situations.

However, Section 7d deals with a specialized situation
and should not be divorced from the rest of the provisions
governing awards to attorneys by the Board.

Article 8306, Section 7c provides, in part, as follows:

"No attorneys' fees for representing claimants
before the Board shall be allowed or approved
against any party or parties not represented by
such attorney, nor exceeding an amount equal to
fifteen per cent (15%) of the total recovery,
in addition to the reasonable expenses incurred
by the attorney in the preparation and presentation
of the said claim before the Board, such expenses
to be allowed by the Board."

The above quoted provision clearly shows that the Texas
Legislature has made a distinction between attorney fees

and reasonable expenses incurred by the attorney.  While the last paragraph of Section 7d prohibits the Board from granting an attorney a fee for handling a claim, which falls within the conditions set out in said paragraph, it is the opinion of this office that such prohibition does not apply to reasonable expenses incurred by the attorney, in the preparation and presentation of said claim before the Board, the approval by the Board of said expenses being allowed by Section 7c.

S U M M A R Y

Article 8306, Section 7d, Vernon's Civil Statutes, prohibits the Industrial Accident Board from awarding attorney fees in those cases in which there is a fatal injury, when the insurance carrier admits liability on all issues and tenders payment of the maximum benefits, while the claim is pending before the Board.  The Board is not, however, prohibited from allowing reasonable expenses incurred by the attorney in the preparation and presentation of said claim before the Board, said expenses being allowed by Article 8306, Section 7c.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert E. Owen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

John Grace
Ronnie Luna
Ralph Rash
Arthur Sandlin

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant